**GROVE PRESS, INC., et al.,**
**Plaintiffs,**

v.

**CENTRAL INTELLIGENCE AGENCY**
**et al., Defendants.**

**No. 75 Civ. 3493.**

United States District Court,
S. D. New York.

Aug. 20, 1975.

Weiss, Dawid, Fross & Lehrman, New York City by Peter Weiss, Edward de Grazia, New York City, of counsel, for plaintiff.

Paul J. Curran, U. S. Atty. by William G. Ballaine, Mel P. Barkan, Asst. U. S. Attys., of counsel, for defendants.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

This is an action brought under the Freedom of Information Act, 5 U.S.C. § 552, in which the various plaintiffs seek to inspect certain files allegedly concerning them which supposedly were prepared by various government agencies and are in the care and custody of the defendant Central Intelligence Agency (hereinafter referred to as the "C.I.A."). The plaintiff has requested further relief, by Order to Show Cause, to have the defendant deliver up to me for safekeeping the various reports and investigative files which are the subject of this action and are now in the possession of the C.I.A.

The plaintiff claims that the documents in question may be destroyed or altered during the pendency of this action and thus seeks the extraordinary relief of a mandatory preliminary injunction forcing the C.I.A. to disgorge to this Court the documents in question.

The government has produced a letter from the Senate of the United States signed by Senator Mansfield, the majority leader, and Senator Scott, the minority leader, to William E. Colby, Di-

rector of the C.I.A., which requests that no material (apparently including the files sought in this action) be destroyed or disposed of in any way.

The General Counsel for the C.I.A. has submitted an affidavit stating that none of the documents or files will be " . . . willfully destroyed pending the outcome of this litigation . . . " and also detailing the safeguarding procedures of the C.I.A. to preserve the documents.

An evidentiary hearing was held on the above and both the plaintiffs and the defendants agreed that such evidence was stipulated and agreed to so as to permit me to rule on the question of the preliminary injunction.

The preliminary injunction is denied.

This Court collected and set forth the reasoning whereby a preliminary injunction would issue. See *Gulf & Western Indus., Inc. v. Great Atlantic & Pacific Tea Co., Inc.*, 356 F.Supp. 1066 (S.D.N.Y.), aff'd 476 F.2d 687 (2d Cir. 1973); *Lepore v. New York News, Inc.*, 365 F.Supp. 1387 (S.D.N.Y.1973). The plaintiffs in the case at bar admit that they do not meet these tests but they argue that this situation is extraordinary in that the defendant C.I.A. is totally different from any other defendant.

I find that the plaintiffs' argument is totally unpersuasive. The newspaper clippings supplied by the plaintiffs do not persuade me that there is a need for a mandatory preliminary injunction. From these one may take the hint that documents may be destroyed—but the General Counsel for the C.I.A. has submitted to the jurisdiction of this Court and has stated that the documents in question will not be destroyed. I see no reason to doubt the General Counsel to the defendant. If the documents in question are destroyed, of course, the General Counsel will be subject to the process of the Court.

Accordingly, the motion for a preliminary injunction is denied.

So ordered.